[Cite as *New Gen RE Ohio, L.L.C. v. Pierce Twp. Bd. of Trustees, Ohio*, 2026-Ohio-2650.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| NEW GEN RE OHIO, LLC, | : | CASE NO. CA2025-12-099 |
| Appellee, | : | |
| vs. | : | OPINION AND JUDGMENT ENTRY 7/13/2026 |
| PIERCE TOWNSHIP BOARD OF TRUSTEES, OHIO, et al., | : | |
| | : | |
| Appellants. | : | |
| | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2025 CVH 00668

Robbins, Kelly, Patterson & Tucker, LPA, and Michael A. Galasso and Michael J Friedmann, for appellee.

Schroeder, Maundrell, Barbiere & Powers, and Lawrence E. Barbiere and Katherine L. Barbiere, for appellants.

## O P I N I O N

**PIPER, J.**

{¶ 1} Appellants, Pierce Township Board of Trustees, Pierce Township, Ohio, Board of Zoning Appeals, Pierce Township, Ohio, and two Pierce Township, Ohio employees, Eddie McCarthy and Mary Berta Coggeshall (collectively, "Pierce Township"

or "Township"), appeal the Clermont County Court of Common Pleas' decision denying certain portions of their Civ.R. 12(C) motion for judgment on the pleadings in this case brought against them by appellee, New Gen RE Ohio, LLC ("New Gen"). For the reasons outlined below, we affirm the trial court's decision.

**Facts and Procedural History**

{¶ 2}   Pierce Township is a township located in Clermont County, Ohio. McCarthy is the Township's administrator, named as a defendant in both his individual and official capacities, whereas Coggeshall is the Township's planner and zoning inspector. New Gen is a limited liability company seeking to open an adult-use cannabis dispensary on property that it has leased located in the Township.

{¶ 3}   On June 11, 2025, New Gen filed an amended eight-count complaint against Pierce Township seeking, among other things, declaratory judgment, injunctive relief, and monetary damages. Of those eight counts, however, only five are relevant to this appeal: Counts 1, 2, 3, 6, and 7.

{¶ 4}   Within those five counts, New Gen raised various constitutional challenges to Pierce Township's rules and regulations governing adult-use cannabis dispensaries and the permitting process that the Township had enacted for such dispensaries located within its territorial boundaries. These constitutional challenges, which were set forth in Counts 1, 2, and 3 of New Gen's amended complaint, were brought pursuant to both the United States and Ohio Constitutions. New Gen also asserted in Count 6 of its amended complaint a cause of action against the Township under 42 U.S.C. § 1983 and, in Count 7, an order requiring the Township to pay its attorneys' fees and costs under 42 U.S.C. § 1988.[1]

---

1. 42 U.S.C. § 1983 provides a remedy to persons whose federal rights have been violated by government officials. *Curry v. Blanchester*, 2010-Ohio-3368, ¶ 79 (12th Dist.). 42 U.S.C. § 1988 "allows 'the prevailing

- 2 -

{¶ 5}   On July 14, 2025, Pierce Township filed a Civ.R. 12(C) motion for judgment on the pleadings as to each of those five counts. To support its motion, the Township argued that the two specifically named defendants, McCarthy and Coggeshall, were entitled to qualified immunity on Counts 6 and 7, which brought claims against the Township under 42 U.S.C. § 1983 and § 1988. The Township also argued that all defendants, not just the two who New Gen had specifically named, were entitled to state law statutory immunity with respect to any state law tort claims that New Gen may have raised against the Township in Counts 1, 2, and 3.

{¶ 6}   On August 7, 2025, the trial court held a hearing on Pierce Township's motion. The record does not contain a transcript of this hearing. Three months later, on November 10, 2025, the trial court issued a decision denying Pierce Township's motion as to the five counts relevant to this appeal: Counts 1, 2, 3, 6, and 7.

{¶ 7}   In so doing, the trial court determined that Pierce Township was not entitled to judgment on the pleadings as to Counts 1, 2, and 3 because "Pierce Township is unable to determine the constitutionality of the resolution, and requiring the plaintiff to attempt to do so would be futile." The trial court also determined that the Township was not entitled to state law statutory immunity from any of New Gen's claims set forth within Counts 1, 2, and 3 because "[t]his case involves a resolution and operating agreement that is said to violate the Constitution, thus R.C. 2744.09(E) suggests that statutory immunity does not apply."

{¶ 8}   Finally, with respect to whether McCarthy and Coggeshall were entitled to qualified immunity on Counts 6 and 7, the trial court stated:

Qualified immunity on claims for civil rights violations that

---

party' in certain civil rights actions, including suits brought under Section 1983, to recover 'a reasonable attorney's fee.'" *Simbo Properties, Inc. v. M8 Realty, LLC*, 2019-Ohio-4361, ¶ 43 (8th Dist.), quoting *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012).

result in monetary damages turns on whether a reasonably objective person would know his or her actions violate the constitutional rights of another party. At this point, for purposes of the Civ.R. 12(C) motion, the Court must presume all facts in the pleadings as true. Since it cannot go beyond the four corners of the pleadings, it cannot determine what exactly the individual defendants did that allegedly violated the plaintiff's constitutional rights. Further, neither party has had the chance to assert what it is that a reasonably objective person would have known regarding the plaintiff's constitutional rights. Since the Court must look beyond the four corners of the pleadings to determine qualified immunity, the matter is more appropriate for a motion for summary judgment. For this reason, the Court finds that the individual defendants are not entitled to judgment as a matter of law on Count 6 and 7.

**Pierce Township's Appeal and Single Assignment of Error**

{¶ 9} On December 9, 2025, Pierce Township filed a notice of appeal. Following the parties' briefing, oral argument was held before this court on May 18, 2026. Pierce Township's appeal was then submitted to this court for consideration and is now properly before the court for decision. Pierce Township has raised one assignment of error in support of its appeal. In that single assignment of error, Pierce Township challenges the trial court's decision denying its Civ.R. 12(C) motion for judgment on the pleadings as to New Gen's amended complaint's Counts 1, 2, 3, 6, and 7.

*Civ.R. 12(C) Judgment on the Pleadings Standard*

{¶ 10} Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "'Civ.R. 12(C) motions are specifically for resolving questions of law.'" *State ex rel. Conomy v. Rohrer*, 2025-Ohio-5296, ¶ 22, quoting *State ex rel. Midwest Pride IV v. Pontious*, 1996-Ohio-459, ¶ 21. "Dismissal is appropriate under Civ.R. 12(C) when (1) the court construes as true, and in favor of the nonmoving party, the material allegations in the complaint and all reasonable inferences to be drawn from those allegations and (2) it appears beyond

doubt that the plaintiff can prove no set of facts that would entitle him or her to relief." *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17. That is, in applying Civ.R. 12(C), "[j]udgment on the pleadings is appropriate when no material factual issues exist and the movant is entitled to judgment as a matter of law." *State ex rel. Harris v Schwendeman*, 2025-Ohio-4769, ¶ 10. "A court of appeals reviews a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings de novo." *Hicks v. Clermont Cty. Republican Cent. Commt.*, 2025-Ohio-2913, ¶ 43 (12th Dist.).

*Pierce Township's First Issue Presented for Review*

{¶ 11} In its first issue presented for review, Pierce Township argues that the trial court erred in failing to find, in ruling on its Civ.R. 12(C) motion, that McCarthy and Coggeshall were entitled to qualified immunity as to New Gen's amended complaint's Counts 6 and 7, in which New Gen asserted a cause of action against the Township under 42 U.S.C. § 1983 and sought an order requiring the Township to pay its attorneys' fees and costs under 42 U.S.C. § 1988. We disagree.

{¶ 12} Public officials, such as McCarthy and Coggeshall, have a qualified immunity defense when sued under 42 U.S.C. § 1983. *Gordon v. Mt. Carmel Farms, LLC*, 2021-Ohio-1233, ¶ 21 (12th Dist.). This immunity applies so long as the conduct "does not violate clearly established federal rights of which a reasonable person would have known." *Barnes v. Meijer Dept. Store*, 2004-Ohio-1716, ¶ 35 (12th Dist.). That is, "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "The test is one of 'objective reasonableness' that requires a 'reasonably competent public official [to] know the law governing his [or her] conduct.'" *Morrison v. Horseshoe Casino*, 2020-Ohio-4131, ¶ 26 (8th Dist.). The burden is on the plaintiff to show that a defendant is not entitled to qualified immunity. *Pisoni v. McCord*, 2018-Ohio-64, ¶ 45 (5th Dist.). Therefore, if the plaintiff fails to demonstrate that either (1)

a constitutional right was violated or (2) that the right was clearly established, the plaintiff has failed to carry its burden. *Summerville v. Forest Park*, 2011-Ohio-3457, ¶ 18 (1st Dist.), citing *Chappell v. Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).

{¶ 13} Given these principles, Pierce Township argues that, for New Gen to avoid a judgment on the pleadings in this case, New Gen was required to show in its complaint that McCarthy and Coggeshall violated its "clearly established" constitutional rights. But under the Civ.R. 12(C) standard set forth above, whether McCarthy and Coggeshall are entitled to qualified immunity cannot be determined based on the pleadings alone. We instead agree with the trial court's finding that this matter "is more appropriate for a motion for summary judgment" because "neither party has had the chance to assert what it is that a reasonably objective person would have known regarding [New Gen's] constitutional rights." "Cases are to be tried after discovery, and on the merits, not by pleadings." *Gessner v. Union*, 2004-Ohio-5770, ¶ 11 (2d Dist.). Therefore, finding no error in the trial court's decision, Pierce Township's first issue lacks merit.

*Pierce Township's Second and Third Issues Presented for Review*

{¶ 14} In its second and third issues presented for review, Pierce Township argues that the trial court erred by failing to grant its Civ.R. 12(C) motion for judgment on the pleadings as to New Gen's amended complaint's Counts 1, 2, and 3. We again disagree.

{¶ 15} Pierce Township initially argues, in its second issue presented for review, that it was error for the trial court not to find, as a matter of law, that the Township's rules and regulations governing adult-use cannabis dispensaries and the permitting process that it enacted for those dispensaries wanting to do business within its territorial boundaries did not violate either the United States or the Ohio Constitutions. But, when again applying the Civ.R. 12(C) standard set forth above, neither the constitutionality of those rules and regulations, nor the constitutionality of the permitting process itself, can

be determined as a matter of law at this early stage of the proceedings. Therefore, because resolving these matters would require getting into the merits of the case, Pierce Township's second issue presented for review is also without merit.

{¶ 16} Pierce Township also argues, in its third issue presented for review, that the trial court erred in finding that the Township was not entitled to state law statutory immunity from the state-law tort claims New Gen had raised in its amended complaint's Counts 1, 2, and 3. To support this claim, Pierce Township cites Chapter 2744 of the Ohio Revised Code. However, upon review of New Gen's amended complaint with respect to those three counts, New Gen's amended complaint does not assert any state-law tort claims against the Township. New Gen expressly stated as much in its answer brief filed with this court. Specifically, as provided by New Gen in its answer brief:

> Revised Code Section 2744.09 makes it explicitly clear that Chapter 2744 does not apply to constitutional violations. This was the entire basis for the trial court's denial of Chapter 2744 immunity in this case. The remaining claims in this case all allege constitutional violations, not state law torts.

(Internal citations omitted.) Therefore, given that New Gen admittedly did not raise any state-law tort claims against the Township in Counts 1, 2, or 3 of its amended complaint, the Township's third issue presented for review is likewise without merit.

## Conclusion

{¶ 17} For the reasons outlined above, and having found no merit to any of the three issues that Pierce Township presented to this court for review, Pierce Township's appeal challenging the trial court's decision to deny certain portions of its Civ.R. 12(C) motion for judgment on the pleadings is denied.

{¶ 18} Judgment affirmed.

BYRNE, P.J., and HENDRICKSON, J., concur.

# JUDGMENT ENTRY

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Robin N. Piper, Judge*